UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLAUDIA MIYAR, LLC,

      Plaintiff,

v.                              Case No.:  2:25-cv-401-SPC-DNF

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,

      Defendant.
_____/

## <u>OPINION AND ORDER</u>

Before the Court is Defendant Wright National Flood Insurance Company's Motion to Dismiss.  (Doc. 14).  Plaintiff Claudia Miyar, LLC responded.  (Doc. 18).  Defendant replied.  (Doc. 23).  For the below reasons, the Court grants the motion.

This breach of insurance contract action arises from damage Plaintiff's property sustained during Hurricane Ian.  (Doc. 1 ¶ 11).  Defendant is a write-your-own program carrier participating in the National Flood Insurance Program ("NFIP").  (Doc. 14 at 1).  Defendant issued Plaintiff a Standard Flood Insurance Policy ("SFIP") effective during the time of loss.  (Docs. 1 ¶ 8; 14 at 3).  Plaintiff submitted a claim for its damages.  (*Id.* ¶ 12.)  On February 14, 2023, Defendant sent a letter partially denying the claim.  (Doc. 14-4).  On May 15, 2025, Plaintiff brought suit.  (Doc. 1).

In a flood-insurance dispute, a plaintiff must institute an action "within one year after the date of mailing of notice of disallowance or partial disallowance" of the claim. 42 U.S.C. § 4072; *see also* 44 C.F.R. § 62.22(a). Defendant argues its February 14, 2023, denial letter was a partial disallowance that triggered § 4072's one-year limitation period.[1] (Doc. 14). And because Plaintiff filed suit over two years later, as the argument goes, their suit is time-barred. The Court agrees.

The letter was a partial disallowance that triggered the one-year limitation period. "To determine whether a letter is a partial written denial, courts closely examine the letter's content." *Adams v. Allstate Ins.*, No. 2:25-CV-243-SPC-KCD, 2025 WL 1555144, at *1 (M.D. Fla. June 2, 2025) (quoting *Palmer v. Selective Ins., Inc.*, No. CV 24-1599, 2024 WL 5126265, at *4 (E.D. Pa. Dec. 16, 2024)). "A letter from an insurer sufficient to put an insured on notice that a part of her claim has been disallowed is sufficient to trigger Section 4072's one-year limitation period." *4922 Mgmt.*, 2025 WL 417701, at *2 (citation omitted).

---

[1] Defendant attaches the denial letter to its motion to dismiss. The Court may consider a document attached to a motion to dismiss if the document is "central" to Plaintiff's claims and the authenticity of the document is unchallenged. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). The denial letter is central to Plaintiff's breach of insurance contract claim. *See, e.g.*, *Oceania III Condo. Ass'n, Inc. v. Westchester Surplus Lines Ins.*, 658 F. Supp. 3d 1177, 1180 n.2 (S.D. Fla. 2023). And Plaintiff does not challenge the letter's authenticity. So the Court considers it. *See 4922 Mgmt. LLC v. Selective Ins. of the Southeast*, No. 2:24-CV-894-SPC-NPM, 2025 WL 417701, at *1 (M.D. Fla. Feb. 6, 2025) (considering denial letter attached to insurer's motion to dismiss in breach of SFIP claim).

Plaintiff's argument that the February 14, 2023 Denial Letter issued by Defendant did not trigger the limitations period because Plaintiff's request for additional payment was being treated as a "supplemental claim" by the independent adjuster is incorrect.  (Doc. 18 at 5).   "A policyholder has only one claim from a flood event regardless of the number of proofs of loss and amount of documentation the policyholder may submit in support of that claim."  *Hawk v. Hartford Ins. of the Midwest*, No. 2:24-CV-823-JES-NPM, 2025 WL 326668, at *7 (M.D. Fla. Jan. 29, 2025) (quoting *McInnis v. Liberty Mut. Fire Ins.*, 2022 WL 4594609, at *3 (5th Cir. Sept. 30, 2022).  Just as in *Hawk*, the limitations period for Plaintiff to file suit "was not waived, extended, or re-triggered by the subsequent, supplemental requests and the resulting denial letters." *Id.*; *see also 4922 Mgmt.*, 2025 WL 417701, at *2 (noting "courts have found denial letters trigger the limitations period even when additional documentation is subsequently submitted or the adjusting process continued.") (collecting authority).  The analysis is no different here.[2]

---

[2] Plaintiff's unclean hands argument is similarly meritless.  Given that the unclean hands doctrine is a state law defense, it does not displace applicable federal statutory and common law.  *See, e.g.*, *Shuford v. Fid. Nat. Prop. & Cas. Ins.*, 508 F.3d 1337, 1343–44 (11th Cir. 2007) ("A claim under state law is expressly preempted 'when Congress has manifested its intent to preempt state law explicitly in the language of the statute.").  "[M]atters pertaining to the [SFIP], including . . . claims handling, must be heard in Federal court and are governed exclusively by Federal law."  *Id.* (citing 65 Fed. Reg. 34,824, 34,826–27 (May 31, 2000)).  Federal law controls breach of contract actions involving SFIPs. *See Wright v. FEMA*, 913 F.2d 1566, 1570–71 (11th Cir. 1990).  The Court is also persuaded by Defendant's argument that unclean hands is not a "liability sword" that forms the basis for an "independent cause of action."  *Gnipp v. Bank of Am. N.A.*, No. 2:15-CV-99-FTM-29CM, 2016 WL 4810541, at *7 (M.D. Fla. Sept. 14, 2016).

Defendant's letter explicitly provides that there were "damages to the property not insured by the SFIP." (Doc. 14-4 at 2). The letter then enumerates the items for which it is denying coverage and provides the policy language excluding that coverage. (*Id.*). Finally, the letter includes a Policyholder Rights form, which advised Plaintiff of their right to appeal or file a lawsuit after their claim is denied. (*Id.* at 5–6). The Court finds that Defendant's letter was a partial disallowance. And because Defendant mailed the letter more than a year before Plaintiff filed suit, the Court must dismiss this action as time-barred.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 14) is **GRANTED.**

2. Plaintiff's Complaint (Doc. 1) is **DISMISSED with prejudice**.

3. The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 16, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record